UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-2349(JEL/JGL)

Toro Credit Company,

Plaintiff,

v.

**ORDER**

PowerHouse Equipment, Inc., a/k/a PowerHouse Equipment Co. and PowerHouse Equipment Systems, Inc. and f/k/a Sitework Systems, Inc.; Braswell Holdings, Inc., f/k/a Southern Shade Tree Company and Southern Tree & Landscape Co.; Powerhouse Capital, Inc.; Roger S. Braswell; John Doe; and XYZ Company,

Defendants.

PowerHouse Equipment, Inc. and PowerHouse Capital,

Third-Party Plaintiffs,

v.

The Toro Company,

Third-Part Defendant.

This matter is before the court upon the objections of defendants Braswell Holdings, Inc. ("BHI") and Roger S. Braswell ("Braswell") to the March 18, 2002, Report and Recommendation issued by Magistrate Judge John M. Mason. In his report, the magistrate judge recommended that defendants' motion to dismiss the

FILED 7-10-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

complaint for lack of personal jurisdiction be denied. Defendants now object to that recommendation, arguing that the magistrate judge made five errors in his analysis. After a *de novo* review of the record, the court adopts the magistrate judge's recommendation.

**BACKGROUND**

This case involves a collection action in which plaintiff Toro Credit Company ("Toro Credit") seeks to recover approximately $3.4 million from defendants Braswell and Braswell Holdings, Inc. (collectively referred to herein as the "defendants"). Defendants guaranteed payment of credit issued to other defendants. Toro Credit is a Minnesota company with its principal place of business in Bloomington, Minnesota. Braswell is a resident of the State of South Carolina. Braswell Holdings ("BHI") is a South Carolina corporation with its principal place of business in South Carolina. Defendants allege that they have had insufficient contact with Minnesota to support the exercise of personal jurisdiction.

## DISCUSSION

### I. Legal Standard for Personal Jurisdiction

As defendants impliedly recognize,[1] the magistrate judge applied the proper law to his analysis of the motion to dismiss for lack of personal jurisdiction. The court sets out that law below.

"To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating, by a prima facie showing, that personal jurisdiction exists." Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998)(citations omitted); see also Northrup King Co. v. Compania Productora Semillas Algondoneras Selectas, S.A., 51 F.3d 1383, 1387 (8th Cir. 1995)(citations omitted). "For the purposes of a prima facie showing, the court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor." Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996)(citations omitted).

An analysis of whether a court has personal jurisdiction must take into account state and constitutional requirements. Wessels, Arnold & Henderson v. Nat'l Medical Waste, Inc., 65 F.3d 1427, 1431 (8th Cir. 1995). "The federal court in a diversity case must

---

[1] According to defendants, "the R&R restates the applicable standards to decide a motion to dismiss and to distinguish between general and specific jurisdiction." Defendants make no objection to those standards.

determine whether [the] defendant is subject to the court's jurisdiction under the state long arm statute, and if so, whether exercise of that jurisdiction comports with due process." Stevens, 146 F.3d at 543 (quoting Moog World Trade Corp. v. Bancomer, S.A., 90 F.3d 1382, 1384 (8th Cir. 1996)). This two-part analysis requires the court first to ask whether the defendant's activity falls within the scope of the forum state's long arm statute.

Minnesota's long arm statute provides, in relevant part, as follows:

> As to a cause of action arising from acts enumerated in this subdivision, a court of this state within jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any non-resident individual . . . in the same manner as if it were a domestic corporation or the individual were a resident of this state. The section applies if, in person or through an agent, the foreign corporation or non-resident individual:
> (a) Owns, uses, or possesses any real or personal property situated in this state, or
> (b) Transacts any business within the state . . . .

Minn. Stat. § 543.19, subd. 1. Courts have interpreted the Minnesota long-arm statute to extend jurisdiction to the outer limits permitted by the due process clause of the U.S. Constitution. Domtar, Inc. v. Niagara Fire Ins. Co., 533 N.W.2d 25, 29 (Minn. 1995); Valspar Corp. v. Lukken Color Corp., 495 N.W.2d 408, 410 (Minn. 1992); Jarvis & Sons, Inc. v. Freeport Shipbuilding and Marine Repair, Inc., 966 F.2d 1248, 1249 (8th Cir.

1992). Thus, in Minnesota cases, the court need focus only on constitutional issues, namely whether the assertion of jurisdiction satisfies due process of law.

The Supreme Court stated that the fundamental due process question is whether sufficient minimum contacts exist between the nonresident defendant and the forum state so that the assertion of personal jurisdiction over the nonresident defendant is consistent with the traditional notions of fair play and substantial justice. See, e.g., Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985); Wold-wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)("We have said that the defendant's contacts with the forum State must be such that the maintenance of the suit "does not offend 'traditional notions of fair play and substantial justice.'"); International Shoe Co. v. Washington , Office of Unemployment Compensation and Placement, 326 U.S. 310, 316 (1945)("due process requires only that in order to subject a defendant to a judgment in personam ... he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"). Courts have articulated several standards in order to determine whether the exercise of jurisdiction over a "foreign" defendant is constitutionally permissible.

The concept of "general jurisdiction" hinges upon a defendant's "continuous and systematic contacts with the forum

state, regardless [of] whether the plaintiff's claim or claims are related to any of those contacts." Zumbro, Inc. v. California Natural Prod., 861 F. Supp. 773, 778 (D. Minn. 1994). "General jurisdiction refers to the power of a state to adjudicate any cause of action and does not depend on the relationship between the cause of action and the contacts." Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1103 (8th Cir. 1996). The exercise of general jurisdiction comports with due process concerns "because a defendant whose contacts with the forum state are systematic and continuous should reasonably anticipate being haled into court there, even where the plaintiff's claims 'neither arise out of nor are related to the defendant's contacts with the forum.'" Zumbro, 861 F. Supp. at 778.

The Eighth Circuit Court of Appeals has established five factors to consider when determining whether general jurisdiction exists. Northrup King, 51 F.3d at 1388. They are: "(1) the nature and quality of defendant's contacts with the forum state; (2) quantity of contacts; (3) source and connection of the cause of action with those contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Id. (citations omitted). The fourth and fifth considerations are secondary factors in the inquiry. Id.

Courts have "further elaborated on the third factor -- the relationship of the cause of action to the contacts -- to

distinguish between specific and general jurisdiction." Burlington Indus., 97 F.3d at 1102. "The inquiry is whether the non-resident defendant 'has purposefully directed his activities at ... the forum ... and the litigation results from alleged injuries that arise out of or relate to those activities." Northrup King, 51 F.3d at 1387 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)). "Specific jurisdiction" exists where a court "premises jurisdiction over a defendant upon the relationship of plaintiff's claims and defendant's forum state activities." Zumbro, 861 F. Supp. at 778.

## II. Analysis

Defendants allege that the magistrate judge erred in his report and recommendation in the following five ways:

> (1) the R&R incorrectly found that BHI's and Braswell's contacts with Minnesota gave rise to this lawsuit and therefore support the assertion of specific personal jurisdiction over the defendants;
>
> (2) the R&R erroneously concluded that BHI's and Braswell's contacts were "continuous and systematic" thereby supporting the assertion of general jurisdiction;
>
> (3) the R&R mistakenly adopted, in effect, a *per se* rule that out of state guarantors of corporate debts are always subject to a Minnesota court's jurisdiction, despite controlling Eighth Circuit law to the contrary;
>
> (4) the R&R failed to follow the rule that each defendant's contacts with a forum state must be assessed individually to determine whether there are sufficient minimum contacts

> to support the exercise of jurisdiction over each defendant; and
>
> (5) the R&R improperly found that Braswell's partial ownership of several corporate entities was important to the instant motions.

(Defs.' Objections to the March 28, 2002, Report and Recommendation at 1-3.) The court rejects each of these objections.

First, the magistrate judge correctly concluded that defendants' contacts with Minnesota support the assertion of specific jurisdiction. As Braswell indicated, there is common identity between Powerhouse, Braswell and BHI. Moreover, the Braswell and BHI guarantees led Toro Credit to provide PowerHouse with the financing that is the subject matter of this litigation.[2] See, e.g., Marathon Metallic Bldg. Co. v. Mountain Empire Constr. Co., 653 F.2d 921, 923 (5th Cir. 1981)(holding that officer of Colorado corporation was subject to personal jurisdiction in Texas in suit on guaranty agreement); Reliance Elec. Co. v. Luecke, 695 F. Supp. 917, 920-21 (S.D. Ohio. 1988)(finding that giving of guaranty to Ohio creditor by nonresident was a purposeful act which gave rise to cause of action in Ohio); Marquette Nat'l Bank v.

---

[2] Contrary to defendant's assertion, the magistrate judge did not adopt a *per se* rule that out-of-state guarantors of corporate debt are always subject to a Minnesota court's jurisdiction. Instead, the magistrate judge considered the circumstances of this case in light of precedent and properly concluded that defendants are subject to a Minnesota court's jurisdiction. Arkansas Rice Growers Coop. Ass'n v. Alchemy Indus., Inc. does not contradict the magistrate judge's conclusions. 797 F.2d 565, 573 (8th Cir. 1986).

Norris, 270 N.W.2d 290, 295 (Minn. 1978)("even one single, isolated transaction between a nonresident defendant and a resident plaintiff can be a sufficient contact to justify exercising personal jurisdiction under due process standards."); Northwestern Nat'l Bank of St. Paul v. Kratt, 226 N.W.2d 910, 913-14 (Minn. 1975)(holding that Illinois guarantor had sufficient contacts with Minnesota to be subject to personal jurisdiction in Minnesota). Further, the guarantees have Minnesota choice of law provisions. The magistrate judge therefore accurately determined that "[t]he contacts between Braswell and Braswell Holdings during which the agreements were negotiated, executed and delivered gave rise to the litigation, and therefore support a finding that this Court may assert specific personal jurisdiction over the Defendants." (Report and Recommendation at 8.)

The magistrate judge also correctly found that the assertion of general jurisdiction is proper. In particular, the court agrees with the magistrate judge's determination that the contacts of Braswell and BHI with Minnesota were continuous and systematic. As the magistrate judge emphasized, and as the record clearly shows, Braswell systematically conducted business with Minnesota companies for several years. Moreover, BHI entered into a corporate guaranty with a Minnesota company in October 2000 that imposed long-term and continuous obligations upon BHI. See Burger King, 471 U.S. at 480 (finding personal jurisdiction over defendant in Florida proper

where defendant entered into contract with Florida corporation that imposed long-term and continuous obligations upon defendant). Because the court concludes that both Braswell and BHI intentionally established business relationships between themselves and Minnesota corporations, defendants are clearly subject to jurisdiction in Minnesota. See id. at 475-76 ("where the defendant 'deliberately' has engaged in significant activities within a State, or has created 'continuing obligations' between himself and residents of the forum,.... it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well."); see also World-Wide Volkswagen, 444 U.S. at 297.

Despite defendants' contacts with Minnesota, defendants contend that the magistrate judge did not follow the rule that each defendant's contacts with a forum state must be assessed individually in order to determine jurisdiction over that defendant. However, as the report and recommendation clearly indicates, the magistrate judge did take into account defendants' argument. (Report and Recommendation at 10.) The magistrate judge correctly explained that defendants' contacts can be considered together.[3] Moreover, looking at the contacts made by each

---

[3] The Supreme Court held that "when commercial activities are 'carried on in behalf of' an out-of-state party those activities may sometimes be ascribed to the party, at least where [it] is a primary participant in the enterprise and has acted purposefully in directing those activities." Burger King, 471 U.S. at 479 n. 22. Here, as the magistrate judge pointed out, Braswell's companies are (continued...)

defendant establishes that each defendant has sufficient contacts with Minnesota to permit jurisdiction over that defendant in this case.

Defendants also contend that the magistrate judge improperly found that Braswell's partial ownership of several corporate entities was important to decide the instant motion. While the magistrate judge did not solely rely on this fact in holding that personal jurisdiction exists, the magistrate judge was correct in taking this factor into account. See Hardin Roller Corp. v. Universal Printing Mach., Inc., 236 F.3d 839, 842-43 (7th Cir. 2001)(finding personal jurisdiction proper over individual defendant whose only contacts with the forum state consisted of the negotiation of contracts in the forum state on behalf of corporation that defendant owned and controlled); 777388 Ontario Ltd. et. al. v. Lencore Acoustics Corp., 142 F. Supp. 2d 309 (E.D.N.Y. 2001)(same); Trans Nat'l Travel, Inc. v. Sun Pacific Int'l, 10 F. Supp. 2d 79 (D. Mass. 1998)(same).

---

[3](...continued) interrelated. Braswell is the common thread of ownership within the companies and Braswell acted purposefully in directing significant activities on behalf of the companies. Therefore, as the magistrate judge correctly concluded, it does not offend due process to ascribe Braswell's activities to the company and vice versa.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendant Roger S. Braswell and Braswell Holdings Company's motion to dismiss the complaint for lack of personal jurisdiction [Docket No. 14] is denied.

Dated: July 10, 2002

David S. Doty, Judge
United States District Court