**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

TORO CREDIT COMPANY,

Plaintiff,

v.

POWERHOUSE EQUIPMENT, INC., a/k/a POWERHOUSE EQUIPMENT CO. and POWERHOUSE EQUIPMENT SYSTEMS, INC., and f/k/a/ SITEWORK SYSTEMS, INC.; BRASWELL HOLDINGS, INC., f/k/a/ SOUTHERN SHADE TREE CO. and SOUTHERN TREE & LANDSCAPE CO.; POWERHOUSE CAPITAL, INC.; ROGER S. BRASWELL; JOHN DOE; and XYZ CO.,

Defendants.

POWERHOUSE EQUIPMENT, INC. and POWERHOUSE CAPITAL,

Third-Party Plaintiffs,

v.

THE TORO COMPANY,

Third-Party Defendant.

Civil No. 01-CV-2349 (JEL/JGL)

**ORDER**

---

THIS MATTER came before the undersigned Judge of the District Court on Defendants' request pursuant to Local Rule 7.1(g) for permission to file a motion for reconsideration of this Court's August 6, 2002, Order. The Rule provides that permission to file a motion to reconsider will be granted "only upon a showing of compelling circumstances." D. Minn. L.R.7.1(g).

Defendants contend that compelling circumstances exist because the parties have not engaged

FILED Aug 30 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

in full discovery on Defendants' theory that Toro Credit is the alter ego of Toro. According to Defendants, if Toro Credit is the alter ego of Toro, then Toro Credit is bound to arbitrate its claims against Defendants. Defendants also argue that the Court erred in dismissing their fraud counterclaim against Toro Credit. According to Defendants, whether their reliance was reasonable is a question of fact not amenable to resolution on a motion to dismiss.

Defendants have failed to show that compelling circumstances mandate reconsideration of the Court's previous Order. As noted in that Order, Defendants' alter ego theory was not presented in Defendants' papers, but was offered for the first time at the hearing. The Court fully considered that theory, however, and found that even assuming that Toro Credit was the alter ego of Toro, Defendants' counterclaims against Toro Credit failed as a matter of law.

The Court also disagrees with Defendants' contention that the question of reasonable reliance is always a question of fact and may not be resolved on a motion to dismiss. Like any other element of a prima facie case, where a party fails utterly to present any facts or reasonable argument in support of that element, summary dismissal is appropriate. Cf. Thompson v. Olsten Kimberly Qualitycare, Inc., 33 F. Supp. 2d 806, 816 (D. Minn. 1999) (Tunheim, J.) (noting that, although malice is usually question of fact for jury, "summary judgment is appropriate if there is no evidence in the record from which a jury could conclude that malice was present"). Defendants offered nothing to support their allegations that their reliance was reasonable and thus dismissal was proper.

ACCORDINGLY, IT IS HEREBY ORDERED THAT Defendants' request for permission to file a motion for reconsideration is DENIED.

Dated: Aug 30, 2002

JOAN ERICKSEN LANCASTER
United States District Judge