**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**TORO CREDIT COMPANY,**

Plaintiff,

v.

**POWERHOUSE EQUIPMENT, INC.; a/k/a Powerhouse Equipment Co.; a/k/a Powerhouse Equipment Systems, Inc.; f/k/a Sitework Systems, Inc.; BRASWELL HOLDINGS, INC.; f/k/a Southern Shade Tree Company; f/k/a Southern Tree & Landscape Co.; POWERHOUSE CAPITAL, INC.; ROGER S. BRASWELL; JOHN DOE; & XYZ COMPANY,**

Defendants.

Civil No. ~~02~~ 01-2349 (JEL/JGL)

**ORDER**

---

APPEARANCES

Edward Fox, Esq., and Don Trevarthen, Esq., on behalf of Plaintiff

Dean Thompson, Esq. on behalf of Defendants.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came before the undersigned Chief Magistrate Judge of District Court on Plaintiff's Motion to Compel and for Sanctions (Doc. No. 74). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED ________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

## I. INTRODUCTION

This case arises out of a collection dispute. Defendant PowerHouse was a dealer of certain Toro products during the years 2000 and 2001. To finance purchases of Toro products, Defendants received financing from Plaintiff under two financing agreements. When Defendants failed to meet their payment obligations under the financing agreements, Plaintiff filed suit.

## II. DISCUSSION

In the instant motion, Plaintiff seeks either: (1) an order requiring Defendants to supplement discovery responses or, (2) an order that Defendants not be allowed to introduce into evidence any new or supplemental information regarding Defendants' calculation of the debt it owes Plaintiff.

Plaintiff brings this motion because it finds Defendants' discovery responses inadequate insofar as the responses are not supported by any documentation. Although Defendants assert that they have produced all responsive documents, Plaintiff is dubious. According to Plaintiff, Defendants have only produced four pages of responsive documents. As Plaintiff drafts its motion for summary judgment, Plaintiff wants assurances that it has all the underlying documentation which Defendants possess, and which Defendants may rely on in defending against the motion for summary judgment.

At the motion hearing, the Parties and the Court engaged in a discussion which resulted in the following compromise: Defendants must

produce all information related to their calculation of "Toro debt" that they intend to use either in defending against Plaintiff's motion for summary judgment or at trial by October 1, 2002.

Plaintiff's request for fees and expenses is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiff's Motion to Compel and for Sanctions (Doc. 74) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order;

(2) Defendants must produce to Plaintiff any information related to Defendants' calculation of "Toro debt" which they intend to use either to defend against Plaintiff's motion for summary judgment or at trial by October 1, 2002; and

(3) If Defendants fail to supplement their debt calculation by October 1, 2002, Defendants are bound by the representations made in the four documents produced to Plaintiff prior to September 12, 2002.

Dated: September 12, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge