**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**TORO CREDIT COMPANY,**

Plaintiff,

v.

**POWERHOUSE EQUIPMENT, INC.; a/k/a Powerhouse Equipment Co.; a/k/a Powerhouse Equipment Systems, Inc.; f/k/a Sitework Systems, Inc.; BRASWELL HOLDINGS, INC.; f/k/a Southern Shade Tree Company; f/k/a Southern Tree & Landscape Co.; POWERHOUSE CAPITAL, INC.; ROGER S. BRASWELL; JOHN DOE; & XYZ COMPANY,**

Defendants.

Civil No. 01-2349 (JEL/JGL)

**ORDER**

---

APPEARANCES

Edward Fox, Esq., and Don Trevarthen, Esq., on behalf of Plaintiff

Dean Thompson, Esq. on behalf of Defendants.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came before the undersigned Chief Magistrate Judge of District Court on Plaintiff's and Defendants' letter requests for clarification (No Doc. No.). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**DISCUSSION**

The Court is in receipt of letters from both Counsel regarding the Court's September 12, 2002 Order. Plaintiff has stated that it has no "inherent objections" to Defendants' proposed clarifications. Therefore, the Order will be modified to reflect the changes requested by Defendants in their September 17, 2002 letter.

Plaintiff continues to express concern that Defendants may attempt to alter their positions after Plaintiff's summary judgment motion is filed on October 1, 2002. Specifically, Plaintiff argues that Judge Lancaster has already concluded that the "[f]inacing agreements specifically preclude an action against Toro Credit for alleged bad acts (and alleged nefarious actions) of Toro." (Pl. Sept. 18, 2002 letter at 2) (quoting Judge Lancaster's order). That issue is not before this Court. Whether Defendants' arguments regarding "offsets" will ultimately prove successful will be determined by the trial court.

Plaintiff also requests that the Court modify its September 12, 2002 Order to require Defendants to supplement their discovery responses by September 20, 2002, the date by which Defendants must respond to Plaintiff's motion for summary judgment. The Court finds this modification reasonable. The only reason the Court set the original deadline as October 1, 2002, was that this date was discussed at the motion hearing. The Court finds that modifying the Order in this way will not prejudice Defendants who have

repeatedly stated that they have no further documents with which to supplement their responses, responses which were originally due in April 2002. That being the case, the Court agrees with Plaintiff that it is rather unlikely that any documents will be produced in response to this Order.

The Court assumes that these clarifications will result in resolution of this matter. The Parties are not to send the Court any more letters regarding these issues.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Court's September 12, 2002 Order is modified in the following ways:

(1) Plaintiff's Motion to Compel and for Sanctions (Doc. 74) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order;

(2) Defendants must produce to Plaintiff any other information not already produced in Defendants' responses to Plaintiff's discovery related to Defendants' calculation of "Toro debt" which they intend to use either to defend against Plaintiff's motion for summary judgment or at trial by September 20, 2002; and

(3) If Defendants fail to supplement their interrogatory answers and documents production by September 20, 2002, Defendants are bound by

their answers given and documents produced prior to September 12, 2002, including, without limitation, the four documents produced to Plaintiff that reflect the amount of indebtedness stated in PowerHouse's accounting books.

Dated: September 18, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge