UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Toro Credit Company,

Plaintiff,

v.

Civ. No. 01-2349 (JEL/JGL)
ORDER

PowerHouse Equipment, Inc.,
Braswell Holdings, Inc.,
PowerHouse Capital, Inc.,
Roger Braswell, John Doe, and
XYZ Company,

Defendants.

This matter is before the Court on a request by PowerHouse Equipment, Inc., Braswell Holdings, Inc., PowerHouse Capital, Inc., and Roger Braswell (collectively, Defendants) to reconsider the Court's Order of December 3, 2002, insofar as the Order provided that "[t]he Judgment shall continue to bear interest at the parties' contract rates until the Judgment is paid in full." "Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. R. 7.1(g).

The Court agrees with Defendants that it erred as a matter of law by ordering the Judgment to bear interest at the contract rates instead of the rate specified in 28 U.S.C. § 1961(a) (2000). *See Drovers Bank of Chicago v. Nat'l Bank & Trust Co. of Chariton*, 829 F.2d 20, 23 n.3 (8th Cir. 1987) ("[I]nterest awarded through judgment is based on the contract rate of interest, and interest awarded on the amount of the judgment is calculated at the federal rate."). The Court therefore concludes that Defendants have demonstrated compelling circumstances that warrant reconsideration of the Order. The Court also concludes that the Order must be amended to provide that the Judgment shall bear interest as provided in section 1961.

FILED DEC 20 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED DEC 20 2002
DEPUTY CLERK'S INITIALS

Therefore, IT IS ORDERED THAT:

1. Defendants are granted permission to file a motion to reconsider.

2. Defendants' Motion to Reconsider [Docket No. 101] is GRANTED.

3. The part of the December 3, 2002, Order [Docket No. 99] stating that "[t]he Judgment shall continue to bear interest at the parties' contract rates until the Judgment is paid in full," is AMENDED to state: "The Judgment shall bear interest as provided in 28 U.S.C. § 1961."

4. The Judgment [Docket No. 100] shall bear interest as provided in 28 U.S.C. § 1961.

Dated: December 20, 2002

JOAN ERICKSEN LANCASTER
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.