UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Toro Credit Company,

Plaintiff,

v.

Civ. No. 01-2349 (JEL/JGL)
ORDER

PowerHouse Equipment, Inc.,
Braswell Holdings, Inc.,
PowerHouse Capital, Inc.,
Roger Braswell, John Doe, and
XYZ Company,

Defendants.

This matter is before the Court on Toro Credit Company's Motion for Order Directing Registration of Judgment pursuant to 28 U.S.C. § 1963 (2000). On December 3, 2002, the Court entered judgment against PowerHouse Equipment, Inc., Braswell Holdings, Inc., PowerHouse Capital, Inc., and Roger Braswell (collectively, Defendants) in the amount of $3,518,780.06, plus attorney fees and costs.[1] Defendants filed a Notice of Appeal on January 2, 2003, but did not post a supersedeas bond to stay enforcement of the judgment as allowed by Fed. R. Civ. P. 62(d). Three weeks later, Toro Credit filed this motion to register the judgment in other districts.

Section 1963 provides in relevant part:

> A judgment in an action for the recovery of money or property entered in any ... district court ... may be registered by filing a certified copy of the judgment in any other district ... when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

[1] By Order of December 20, 2002, the Court granted Defendants' Motion to Reconsider and ordered the judgment to bear interest as provided in 28 U.S.C. § 1961 (2000).

Toro Credit's Application for Costs and Attorney Fees is still before the Court.

FEB 10 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

Because the judgment has not yet become final, the Court may order the judgment to be registered in other districts "for good cause shown."

Toro Credit maintains that good cause exists to register the judgment in other districts because Defendants have no assets in Minnesota to satisfy the judgment and have not posted a supersedeas bond, and because a creditor recently filed suit against PowerHouse Equipment and Braswell to recover more than $550,000. Toro Credit asserts that Defendants have assets in California, Florida, North Carolina, South Carolina, Texas, and Virginia, and moves for an Order directing the registration of the judgment in any judicial district where Defendants have assets including, without limitation, the districts of these six states. Defendants concede that they do not have any assets in Minnesota, and that they have assets in California, Florida, North Carolina, South Carolina, and Texas. They maintain that they have no assets in Virginia.

If a federal district court enters a money judgment against a defendant, the defendant has no assets in the district to satisfy the judgment, the defendant appeals without posting a supersedeas bond, and the defendant has assets in another district, then "good cause" exists to register the judgment in any district where the defendant has assets. *See Ahlstrom v. Clarent Corp.*, No. Civ. 02-780, 2002 WL 31856386, at *7 (D. Minn. Dec. 19, 2002); *Henkels & McCoy, Inc. v. Adochio*, No. Civ. A. 94-3958, 1997 WL 535899, at *2 (E.D. Pa. July 31, 1997).[2] In this case, it is undisputed that Defendants do not have any assets in Minnesota, that they appealed without posting a supersedeas bond, and that they have assets in California, Florida, North Carolina, South Carolina, and Texas. Under these circumstances, the Court concludes that Toro Credit has shown good cause

---

[2] Defendants maintain that Toro Credit must demonstrate that they have "substantial" assets in other districts to show "good cause" to register the judgment in them. *See Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp.*, 951 F. Supp. 51, 52 (S.D.N.Y.1997) (denying motion to register judgment in states other than Florida because plaintiff failed to submit evidence that defendant had "substantial" assets outside of Florida). The Court does not interpret the "good cause" provision of section 1963 to impose such a requirement.

to register the judgment in the districts of California, Florida, North Carolina, South Carolina, and Texas.

Toro Credit has not, however, shown good cause to register the judgment in districts other than California, Florida, North Carolina, South Carolina, and Texas. Toro Credit did not submit any evidence to counter Defendants' assertion that they do not have any assets in Virginia and did not offer any evidence that Defendants have assets in states other than California, Florida, North Carolina, South Carolina, and Texas. In the event that Toro Credit obtains such evidence, it may file a new motion.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Toro Credit Company's Motion for Order Directing Registration of Judgment [Docket No. 115] is GRANTED IN PART and DENIED IN PART.

2. Toro Credit, having shown good cause, may register the Judgment [Docket No. 100], as amended by the December 20, 2002, Order [Docket No. 102], in the districts of California, Florida, North Carolina, South Carolina, and Texas.

Dated: February 10, 2003

Joan Ericksen Lancaster

JOAN ERICKSEN LANCASTER
United States District Judge