UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Toro Credit Company,

Plaintiff,

v.

Civ. No. 01-2349 (JNE/JGL)
ORDER

PowerHouse Equipment, Inc., Braswell Holdings, Inc., PowerHouse Capital, Inc., Roger Braswell, John Doe, and XYZ Company,

Defendants.

This case is before the Court on an application for costs and attorney fees by Toro Credit Company. Toro Credit seeks an award of $223,085.24, consisting of $11,148.24 in costs and $211,937.00 in fees. PowerHouse Equipment, Inc., Roger Braswell, Braswell Holdings, Inc., and PowerHouse Capital, Inc. (collectively, Defendants) argue that Toro Credit is not entitled to recover some of its costs, and that the fee request is excessive.[1]

Defendants argue that Toro Credit is not entitled to its costs for computer research and courier services. "[T]he law of this Circuit is that computer-based legal research must be factored into the attorneys' hourly rate, hence the cost of the computer time may not be added to the fee award." *Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir. 1993); *see Warren v. Prejean*, 301 F.3d 893, 906 n.4 (8th Cir. 2002). Under *Standley*, Toro Credit is not entitled to the $7,150.85 it spent on computer research. With respect to courier services, the Court is unable to determine whether the costs are reasonable in the absence of an explanation of why Toro Credit chose to use them instead of less expensive means of delivery. Accordingly, the Court concludes that Toro Credit is not entitled to the $819.72 it spent on couriers.

---

[1] Pursuant to the Court's Order of December 3, 2002, Defendants are jointly and severally liable for Toro Credit's reasonable attorney fees and costs.

FILED JUN 10 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

To calculate an award of reasonable attorney fees, a court uses as a starting point "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Any hours not "reasonably expended" must be excluded from the initial calculation:

> Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Id.* at 434. The court may adjust the fee calculation based on several factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 434 n.9 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). The initial calculation usually accounts for many of the factors. *Id.* Explicit and exhaustive analysis of the factors is not required in every case. *Griffin v. Jim Jamison, Inc.*, 188 F.3d 996, 997 (8th Cir. 1999).

Defendants acknowledge that the hourly rates listed in Toro Credit's application are reasonable. The Court has reviewed the rates and concludes that they reflect prevailing market rates. Accordingly, the Court will employ the hourly rates listed in the application to calculate the fee award. *See Forshee v. Waterloo Indus., Inc.*, 178 F.3d 527, 532 (8th Cir. 1999) (stating reasonable hourly rates equal prevailing market rates in the relevant community).

With respect to the number of hours included in Toro Credit's application, Defendants first argue that hours related to the preparation of two motions to compel should be excluded.[2] Toro Credit withdrew the first motion. The second motion was granted in part, but Toro Credit's request for fees and expenses was denied. The Court finds that the time spent on both motions was unnecessary. Accordingly, the Court will not include those hours in its calculation.

Defendants also contend that Toro Credit "overlayered and overlawyered" the case. They chastise Toro Credit for employing 12 lawyers, 4 paralegals, and 4 other timekeepers on the case, and characterize it as "a textbook case of churning a file by overlawyering." The Court does not find Defendants' description accurate. The lawyers, paralegals, and other timekeepers collectively spent 949 hours on the case. The paralegals account for 21.8 hours, which is 2.3% of the total hours billed. The other timekeepers—three research assistants and one summer associate—account for 5.75 hours, which is 0.6% of the total hours billed.[3] As to the lawyers, Defendants' assertion that Toro Credit employed 12 lawyers is incorrect; the fee application includes the time of 9 lawyers. Five of them collectively spent less than 25 hours on the case; one spent almost 25 hours; one spent almost 60 hours; one spent almost 235 hours; and one spent almost 580 hours. Hence, two lawyers account for almost 86% of the total hours. Furthermore, with the exception of the hours related to the motions to compel, the hours listed in the billing summary were reasonably expended. For these reasons, the Court concludes that Defendants have mischaracterized Toro Credit's representation in this case as "overlayered and

2 According to Defendants, fees claimed for the first motion to compel amount to $7,363.75; fees for the second motion amount to $4,391.50. The Court has reviewed the billing summary and finds that these amounts are reasonable estimates.

3 Because the billing rates of the paralegals and other timekeepers are less than the rates of the attorneys, the percentages listed in the text overstate the share of the fees attributable to the paralegals, research assistants, and summer associate.

overlawyered." Accordingly, the Court's initial calculation of the fee award is $200,181.75, which is Toro Credit's fee request less the value of the hours related to the motions to compel.

As to the factors a court may use to adjust the fee calculation, the Court finds only the eighth and twelfth merit discussion. With respect to the eighth factor, the amount involved and the results obtained, Toro Credit commenced this action to collect a debt in excess of $4 million. It obtained a judgment of approximately $3.5 million, and retrieved collateral valued at approximately $1 million. Defendants acknowledge that Toro Credit was "almost completely successful in pursuing its claims for a significant amount of money." A "fully compensatory fee" is appropriate when a plaintiff has obtained excellent results. *Hensley*, 461 U.S. at 435. As to the twelfth factor, awards in similar cases, other courts have awarded attorney fees in amounts representing approximately 9.5% of damages awarded, *see Tanenbaum v. Agri-Capital, Inc.*, 885 F.2d 464, 471 (8th Cir. 1989), and approximately 50% of the amount recovered, *see Coop. Fin. Ass'n v. Garst*, 927 F. Supp. 1179, 1193 (N.D. Iowa 1996). In this case, a fee award of $200,181.75 constitutes less than 5% of Toro Credit's overall recovery of approximately $4.5 million. The Court declines to reduce the award based on these considerations.

In sum, Toro Credit is entitled to $203,359.42, consisting of reasonable attorney fees in the amount of $200,181.75 and costs in the amount of $3,177.67. Accordingly, IT IS ORDERED THAT:

1. PowerHouse Equipment, Roger Braswell, Braswell Holdings, and PowerHouse Capital are jointly and severally liable to Toro Credit in the amount of $203,359.42.

Dated: June 10, 2003

JOAN N. ERICKSEN
United States District Judge